IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT T. JENKINS, #115765, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-492-MHT |
| ) | [WO] |
| ) | |
| LEON FORNISS, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Robert T. Jenkins ("Jenkins"), a state inmate presently incarcerated at the Elmore Correctional Facility ("Elmore"). In the complaint, Jenkins alleges that the defendant has failed to provide him adequate protection from inmates who have threatened him with harm. Based on the relief sought by Jenkins, the court construed the complaint to contain a motion for preliminary injunction and directed the defendant to file a resopnse to this motion. *Order of July 15, 2015 - Doc. No. 5*.

The defendant filed a response to this order, supported by relevant evidentiary materials, in which he asserts that he has not acted with deliberate indifference to Jenkins' safety. In his affidavit submitted in support of the defendant's response, Capt. Charles McKee provides the following information:

On 6/14/15, inmate Jenkins was involved in a fight without a weapon with

>inmate Christopher Patterson. . . . Inmates Jenkins and Patterson signed a Living Agreement, which was signed of their own free will with no threats or promises from anyone. In the Living Agreement, inmates Jenkins and Patterson acknowledged their problems had been worked out, and they could live at Elmore Correctional Facility [without violence existing between them]. On 7/25/15, [I] obtained additional information that [indicated Jenkins was the aggressor in the fight and] implicated [the potential involvement of] another inmate (Bobby Campbell #141147). Inmates Jenkins, Patterson, and Campbell [were] located and questioned. After questioning, [I] believed that although a living agreement was signed, it was best that inmates Jenkins and Patterson remain at Elmore but be housed in different living areas.

*Exh. 1 to the Defendant's Response - Doc. No. 10-1* at 1-2.

Upon review of the motion for preliminary injunction and the response filed by the defendant, the court concludes that the plaintiff's motion for preliminary injunction is due to be denied.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Jenkins demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).

"In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'" *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (*Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990)).

### III.  DISCUSSION

In his response, the defendant maintains that appropriate security measures have been undertaken to provide protection for Jenkins from those inmates he has identified as posing a threat to his safety.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Jenkins has failed to demonstrate a substantial likelihood of success on the merits of his claims. Jenkins likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendant as issuance of the injunction would adversely impact the ability of correctional officials to effectively manage the security of Elmore. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, Jenkins has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 17, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District

Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 3rd day of August, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE